# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| HONG KONG ELECTRO-CHEMICAL WORKS, LTD., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 05 C 3582 |
| GARRY LESS, TODD INDUSTRIES, INC., BERNICE LESS, JEFFREY LESS, and MICHELLE LESS, | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Hong Kong Electro-Chemical Works, LTD.'s ("HKEW") motion for summary judgment. The matter is also before the court on Defendants Michelle Less', Garry Less', Jeffrey Less', and Bernice Less' motions for summary judgment. For the reasons stated below, we deny HKEW's motion for summary judgment on Counts II and III and grant HKEW's motion for summary judgment on Count I, IV, and V. We deny Michelle Less' motion for summary judgment on Count IV and deny Garry Less' motion for summary judgment on Count I. We grant Jeffrey Less' motion for summary

judgment on Count II and grant Bernice Less' motion for summary judgment on Count III.

## BACKGROUND

HKEW is a Hong Kong corporation that is engaged in the manufacturing and selling of household goods. HKEW alleges that Defendant Todd Industries, Inc. ("Todd Industries") was incorporated in 1999, and was involuntarily dissolved by the Illinois Secretary of State in July 2000. According to HKEW, Garry Less has continued to buy and sell kitchenware through Todd Industries, even though the corporation was involuntarily dissolved. HKEW also claims that Michelle Less is Garry Less' wife, Jeffrey Less is the brother of Garry Less, and Bernice Less is Garry Less' and Jeffrey Less' mother. According to HKEW, Michelle Less, Garry Less, Jeffrey Less, and Bernice Less "used the dissolved Todd Industries as a front for a family scheme to obtain goods from HKEW without paying for goods after they were delivered by HKEW." (Compl. Par. 3). Specifically, HKEW claims that from October 2003 through early 2005, after Todd Industries had been dissolved, Garry Less ordered and received $158,336.08 in kitchenware from HKEW, for which he has refused to pay HKEW. HKEW claims that Bernice Less loaned money to Todd Industries for transactions other than those involved in this case, and that Michelle Less had signature authority on Todd Industries' bank account. HKEW has brought the instant action, and its complaint includes breach of contract claims

against Garry Less (Count I), Jeffrey Less (Count II), Bernice Less (Count III), Michelle Less (Count IV), and Todd Industries (Count V). HKEW has moved for summary judgment on all claims. The individual Defendants have also filed separate motions for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). In seeking a grant of summary judgment, the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but "by affidavits or as otherwise provided for in [Rule 56] must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.,*

*Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must consider the evidence as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255.


## DISCUSSION

### I. HKEW's Claim Against Michelle Less (Count IV)

HKEW alleges that Michelle Less is personally liable for Todd Industries' debt to HKEW based on the fact that she was acting as the sole corporate officer while Todd Industries was dissolved. Michelle Less argues that under 805 ILCS 5/12.45(d) ("Section 12.45(d)"), she is not personally liable for the debts of Todd Industries.

Several sections of the Illinois Code that are relevant to the disposition of this matter. First, Section 12.45(d) states that after a dissolved corporation files an application for its reinstatement, the corporation "shall be deemed to have continued without interruption from the date of the issuance of the certificate of dissolution, and the corporation shall [have] such powers, duties and obligations as if it had not been dissolved . . . ." 805 ILCS 5/12.45(d). Section 12.45(d) also states that "all acts and proceedings of its officers, directors and shareholders, acting or purporting

to act as such, which would have been legal and valid but for such dissolution, shall stand ratified and confirmed." 805 ILCS 5/12.45(d). Second, Section 805 ILCS 5/8.65(a)(3) (" Section 8.65(a)(3)") states that "[t]he directors of a corporation that carries on its business after the filing by the Secretary of State of articles of dissolution, otherwise than so far as may be necessary for the winding up thereof, shall be jointly and severally liable to the creditors of such corporation for all debts and liabilities of the corporation incurred in so carrying on its business." 805 ILCS 5/8.65(a)(3). The Illinois courts have read Section 8.65(a)(3) and Section 12.45(d) together to mean that "an officer of a corporation that has been involuntarily dissolved and is later reinstated is not relieved of personal liability for debts incurred by the business during the dissolution." *Cardem, Inc. v. Marketron Intern., Ltd.*, 749 N.E.2d 477, 481 (Ill. App. Ct. 2001). The Illinois courts have also stated that "[i]n order to hold an officer personally liable for debts assumed on behalf of a dissolved corporation, the courts have required evidence showing that the defendant knew, or because of h[er] position should have known, about the involuntary dissolution." *Gonnella Baking Co. v. Clara's Pasta di Casa, Ltd.*, 786 N.E.2d 1058, 1062 (Ill. App. Ct. 2003). Finally, under 805 ILCS 5/3.20 ("Section 3.20"), a person who acts on behalf of a corporation without having the authority to do so "shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof." 805 ILCS 5/3.20. Courts have interpreted Section 3.20 to apply "to persons who have an investment in an organization and who actively participate in the policy and

5

operation of the decisions of the organization." *Illinois Dist. Council No. 1 of Intern. Union of Bricklayers and Allied Craftworkers, AFL-CIO v. West*, 2003 WL 22024994, at *7 (N.D. Ill. 2003).

In the instant action, Michelle Less does not dispute that Todd Industries was dissolved by the Illinois Secretary of State in 2000 and reinstated in 2005, and that she is, and was during the periods of time relevant to this action, the president and sole director of Todd Industries.  (M SF Par. 4, 5, 6, 10, 14).  Michelle Less, like the other defendants, also does not dispute in any way that Todd Industries has not paid for kitchenware that was bought from HKEW for the benefit of Todd Industries.  (M Ans. Par. 6).  Instead, Michelle Less only argues that she is not personally liable for the debt to HKEW because she did not have notice of Todd Industries' dissolution, nor did she participate in the transactions with HKEW.  Michelle Less, however, improperly focuses on whether she had actual notice of the dissolution, and ignores the clear case law which states that the question of personal liability also hinges on whether an officer *should* have known of a corporation's dissolution.  *See Gonnella Baking Co.*, 786 N.E.2d at 1062; *Affiliated Capital Corp. v. Buck*, 886 F.Supp. 647, 649 (N.D. Ill. 1995)(citing *Steve's Equip. Service, Inc. v. Riebrandt*, 459 N.E.2d 21, 24 (1st Dist. 1984)).  Michelle Less admits that she is and was Todd Industries' president and only officer of record, and that she was married to the corporation's only employee.  As the president of Todd Industries, Michelle Less cannot escape liability by attempting to distance herself from the company.

In addition, Michelle Less alleges that she was unaware of Todd Industries' dissolution for almost five years. This is not a small period of time, and any diligent corporate president should have known that her corporation had been dissolved, particularly in light of this lengthy time period. *See Affiliated Capital Corp,* 886 F.Supp. at 649 (stating that "[a]s president of [the corporation, the defendant] presumably knew or at a minimum should have known that [the corporation] had been dissolved"); *Chicago Tile Inst. Welfare Fund v. Hermansen*, 1996 WL 131800, at *4 (N.D. Ill. 1996)(finding that "[a]s sole shareholder, director and officer[, the defendant] should have known of the statutory requirements that an annual report be filed and that franchise taxes be paid, and that failure to satisfy these requirements would result in dissolution"). Therefore, we find that no reasonable trier of fact could find other than that Michelle Less should have known about the dissolution of Todd Industries.

Michelle Less also argues that she is not personally liable for Todd Industries' debt to HKEW because she was not personally involved in the transactions in question. For a corporate officer to be held liable for debts of a company, it is not necessary for the officer to be involved in the specific transaction in question, as long as the officer is "actively involved in the management of the company." *Richmond Wholesale Meat Co. v. Hughes*, 625 F.Supp. 584, 589 (N.D. Ill. 1985). In the instant action, Michelle Less claims that she was not actively involved in Todd Industries. (M SF Par. 9)(citing Michelle Less' Dec., Par. 7). However,

Michelle Less' only support for this claim is her own declaration. The undisputed facts in this case show that Michelle Less is the only official officer of the company, that she "used checks [and] business cards" on behalf of Todd Industries, and that she had signature authority on Todd Industries' bank account, from which she "may have written checks . . . at various times." (D Resp. SF Par. 9, 12); (M SF Par. 4, 5, 8). In addition, Michelle Less admits that she was married to Garry Less, Todd Industries' only employee. Accordingly, no reasonable trier of fact could find other than that Michelle Less was actively involved in Todd Industries. Therefore, we grant HKEW's motion for summary judgment on Count IV, and deny Michelle Less' motion for summary judgment.

## II. HKEW's Claim Against Garry Less (Count I)

HKEW claims that Garry Less is personally liable for Todd Industries' debts to HKEW. Garry Less argues that he cannot be personally liable for the debts of Todd Industries because he is merely an employee, and not an officer of the corporation. While Section 8.65(a)(3) applies on its face to only directors, Section 3.20 simply states that it applies to "*[a]ll persons* who assume to exercise corporate powers without authority so to do." 805 ILCS 5/3.20 (emphasis added). In addition, the cases cited by Defendants in their response to HKEW's motion for summary judgment do not state that Section 3.20 applies only to officers or directors of a corporation. *See Affiliated Capital Corp.*, 886 F.Supp. at 649 (citing Section 3.20

for the idea that "*an individual* who conducts a business in the name of a nonexistent corporation is personally liable on contracts made in connection with the business")(emphasis added). In order to hold Garry Less personally liable for Todd Industries' debts, HKEW must show that Garry Less knew or should have known of the company's dissolution. *Affiliated Capital Corp*., 886 F.Supp. at 649. Unlike the presumption that a corporate president should know of a company's dissolution, the Illinois cases do not provide a presumption that a mere employee, like Garry Less claims to be, should automatically have such knowledge. However, HKEW argues that "Garry Less exceeded the duties of a normal employee" and Garry Less has admitted that he is the sole employee of Todd Industries, that he "runs [Todd Industries'] day-to-day operations, including placing orders for pans and handling billing and shipping issues," and that he is married to the company's only named officer. (D Resp. 3); (G Decl. 5); (D Resp. SF Par. 5, 12). Therefore, given the undisputed evidence in this case, we find that no reasonable trier of fact could find other than that Garry Less, given his important and crucial role in the corporation, should have known of Todd Industries' dissolution when he entered into the transactions in question in the instant action. Accordingly, we grant HKEW's motion for summary judgment on Count I, and deny Garry Less' motion for summary judgment.

### III.  HKEW's Claim Against Bernice Less (Count III)

HKEW contends that Bernice is a "director of Todd Industries [and] therefore personally liable for debts" owed by Todd Industries to HKEW.  (P Rep. 6).  However, the only basis for HKEW's claim is that Bernice loaned money to Todd Industries and that she is Garry's mother.  (P Resp. 9, 10).  This is not sufficient to establish personal liability.  *See Illinois Dist. Council No. 1 of Intern. Union of Bricklayers and Allied Craftworkers, AFL-CIO v. West*, 2003 WL 22024994, at *8 (N.D.Ill. 2003)(stating that the plaintiff "has cited no cases suggesting that an investment of money alone, combined with a more passive involvement in the company's functioning, is enough to establish personal liability for the debts of the company [and accordingly] the court reject[ed] the [plaintiff's] argument that 805 ILCS 5/3.20 applies to hold [the defendant] liable").  HKEW has not pointed to any evidence linking Bernice Less to Todd Industries, other than a loan of money to the company from Bernice Less that was not related to the debts in question and the fact that she is Garry Less' mother.  Therefore, we find that no reasonable trier of fact could find Bernice Less personally liable for Todd Industries' debts, and we deny HKEW's motion for summary judgment on Count III.  We also grant Bernice Less' motion for summary judgment on Count III.

### IV.  HKEW's Claim Against Jeffrey Less (Count II)

HKEW claims that Jeffrey Less is liable for Todd Industries' debts to HKEW

because "he performed tasks as if he were a Director of Todd Industries." (P SJ

Mem. 6). The only connection that HKEW points to between Jeffrey Less and Todd

Industries is that Jeffrey Less was the president of another corporation, Pan Man,

Inc. ("Pan Man"), which had the same address as Todd Industries. (P SJ Mem. 5).

However, Jeffrey Less contends that Pan Man was a separate company that was

dissolved in July 2001, more than two years before the debts in question here were

incurred, and HKEW has not disputed these facts in any way. Instead, HKEW has

simply made conclusory arguments regarding Jeffrey Less' alleged connections to

Todd Industries, which are not supported by evidence in the record. Accordingly,

we find that no reasonable trier of fact could find that Jeffrey had an interest in Todd

Industries sufficient to make him liable for the company's debts and, thus, deny

HKEW's motion for summary judgment on Count II. We also grant Jeffrey Less'

motion for summary judgment on Count II.


V.  HKEW's Claim Against Todd Industries

_____Finally, HKEW moves for summary judgment on its breach of contract claim

against Todd Industries. Todd Industries has not filed a response to HKEW's

motion for summary judgment, and it did not file its own motion for summary

judgment. Therefore, Todd Industries is deemed to have admitted all facts raised

against it in HKEW's motion for summary judgment. In addition, Todd Industries

admitted in its answer to the complaint that "Garry Less, acting as an employee,

made certain purchases on behalf of Todd Industries [and] that Todd Industries has not paid all amounts owing." (TI Ans. Par. 9). Todd Industries has not alleged any defenses for its failure to pay the amounts owed to HKEW. Therefore, we grant HKEW's motion for summary judgment on Count V.

## CONCLUSION

Based on the foregoing, we grant in part and deny in part the motions for summary judgment. Specifically, we deny HKEW's motion for summary judgment on Counts II and III and grant HKEW's motion for summary judgment on Count I, IV, and V. We deny Michelle Less' motion for summary judgment on Count IV and deny Garry Less' motion for summary judgment on Count I. We grant Jeffrey Less' motion for summary judgment on Count II and grant Bernice Less' motion for summary judgment on Count III.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 25, 2006