IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HONG KONG ELECTRO-CHEMICAL WORKS, LTD., | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 05 C 3582 |
| GARY LESS Et Al., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Judgment Creditor Hong Kong Electro-Chemical Works Ltd.'s ("HKEW") motion to void two allegedly fraudulent conveyances of title of a property, and HKEW's motion to compel compliance with a subpoena. For the reasons stated below, we deny both motions.

**BACKGROUND**

HKEW is a Hong Kong corporation that is engaged in the manufacturing and selling of household goods. HKEW alleged in its complaint in this action that Defendant Todd Industries, Inc. ("Todd Industries") was incorporated in 1999, and was involuntarily dissolved by the Illinois Secretary of State in July 2000. According to HKEW, Defendants Michelle Less, Garry Less, Jeffrey Less, and

1

Bernice Less allegedly "used the dissolved Todd Industries as a front for a family scheme to obtain goods from HKEW without paying for goods after they were delivered by HKEW." (Compl. Par. 3). HKEW brought the instant action, and in its complaint included breach of contract claims against Garry Less (Count I), Jeffrey Less (Count II), Bernice Less (Count III), Michelle Less (Count IV), and Todd Industries (Count V).

The parties filed motions for summary judgment and on April 25, 2006, we granted in part and denied in part the motions for summary judgment. Specifically, we denied HKEW's motion for summary judgment on Counts II and III and granted HKEW's motion for summary judgment on Counts I, IV, and V. We also denied Michelle Less' motion for summary judgment on Count IV and denied Garry Less' motion for summary judgment on Count I. Finally, we granted Jeffrey Less' motion for summary judgment on Count II and granted Bernice Less' motion for summary judgment on Count III. On June 12, 2006, we granted HKEW's motion for summary judgment on the issue of damages and stated that Defendants Michelle Less, Garry Less, and Todd Industries owed $166,252.88 jointly and severally. HKEW has now brought the instant motions as part of its efforts to collect money owed to HKEW by Michelle Less and Garry Less (collectively referred to as "Less Defendants").

HKEW contends that in 2006, Michelle Less' mother, Charlene Werner ("Werner"), purchased a house in Riverwoods, Illinois ("House") from Scott Warren ("Warren") ("2002 Conveyance"). Werner then allegedly allowed the Less Defendants to live in the House. In early 2006, Werner allegedly decided to sell the

2

house because she was delinquent in paying some of the real estate tax payments and the Less Defendants were behind on rent payments, which Werner used to pay the mortgage. Werner sold the House to Roth Holdings, LLC ("RHL") ("2006 Conveyance"). HKEW contends that the Less Defendants have lived at the House since it was purchased by Werner and that the Less Defendants are the true owners of the House. HKEW moves for a finding that the 2002 Conveyance and 2006 Conveyance were fraudulent and are void under the Illinois Uniform Fraudulent Transfer Act ("IUFTA"), 740 ILCS 160/1 *et seq.* HKEW also moves for an order requiring RHL to comply with the subpoena sent by HKEW and produce the requested information.

**DISCUSSION**

I. Motion To Void Fraudulent Transfers

HKEW argues that the 2002 Conveyance and 2006 Conveyance are fraudulent and thus void. Pursuant to 740 ILCS 160/5, "[a] transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation . . . with actual intent to hinder, delay, or defraud any creditor of the debtor. . . ." 740 ILCS 160/5(a). In assessing whether the debtor had "actual intent," the court should consider factors such as whether:

(1) the transfer or obligation was to an insider; (2) the debtor retained

3

possession or control of the property transferred after the transfer; (3) the transfer or obligation was disclosed or concealed; (4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit; (5) the transfer was of substantially all the debtor's assets; (6) the debtor absconded; (7) the debtor removed or concealed assets; (8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; (9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; (10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and (11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

740 ILCS 160/5(b).

### A. 2002 Conveyance

HKEW argues that the 2002 Conveyance was fraudulent and is thus void. HKEW points out that the 2002 Conveyance was made to Werner, Michelle Less' mother, who is an insider and that after the 2002 Conveyance, the Less Defendants retained possession of the House. HKEW also argues that the Less Defendants provided HKEW with an inaccurate address during discovery in this case. HKEW contends that such misinformation shows that the Less Defendants were attempting to conceal the fact that they lived in the House. Finally, HKEW contends that the Less Defendants were already in substantial debt at the time of the 2002 Conveyance, which shows that the conveyance was part of an attempt to hide their true ownership of the House.

HKEW has not pointed to any evidence that indicates that the Less Defendants

ever had any legal or equitable interest in the House, either in whole or in part. The parties agree that Werner purchased the House from Warren. However, HKEW has not pointed to any connection between the Less Defendants and Warren. Nor has HKEW shown that the Less Defendants gave any money to Werner for the purchase of the House. Thus, the undisputed facts show that the 2002 Conveyance did not involve a transfer of any interest to or from the Less Defendants. As is indicated above, the UFTA applies to a " transfer made . . . by a debtor. . . ." 740 ILCS 160/5(a). Since there is no evidence that the Less Defendants held any interest in the House at any point, HKEW is precluded from a finding in HKEW's favor in regard to the 2002 Conveyance. *See* 740 ILCS 160/2(l) (defining "transfer" as "every mode . . . of disposing of or parting with an asset or an interest in an asset" that is "property of a debtor"); s*ee also Regan v. Ivanelli*, 617 N.E.2d 808, 814 (Ill. App. Ct. 1993) (stating that "the only property which can be conveyed to defraud creditors is that in which the debtor has an interest").

In addition, even under the factors listed above, there is not sufficient evidence to show that the 2002 Conveyance was a fraudulent conveyance. HKEW does not dispute RHL's contention that Werner personally took out a mortgage for approximately $500,000 in order to purchase the House and that neither of the Less Defendants contributed any money towards the purchase price. HKEW has also failed to produce evidence that contradicts RHL's contention that the Less Defendants paid rent to Werner and that the Less Defendants were not provided with a lease by Werner. HKEW characterizes the Less Defendants' physical presence at

the House as legal control over the House. However, there is no evidence that shows that Werner is anything other than a competent adult, fully capable of making decisions concerning the House that she owns. Simply because she chose to allow her family, including her grandchildren, to stay in the House does not mean that she surrendered her legal control over the House. HKEW attempts to paint a picture under which Werner operates under the thumb of the Less Defendants, but HKEW falls far short in backing up its theory with evidence.

Werner also had a personal incentive to allow the Less Defendants to reside in the House since it would assist her daughter with housing and it would allow her grandchildren to remain in the same school district. We note that HKEW states that "the story about wanting to keep the kiddies in the same school district is totally false." (Reply 2 n.1). However, HKEW falls short by failing to provide evidence to support its critical comments regarding the children's school attendance.

HKEW also makes several broad and unsupported statements about the unfairness of the Less Defendants' situation. HKEW is convinced that the Less Defendants are somehow unfairly being allowed to gain financial windfalls because of the 2002 Conveyance and that there is some scheme of deception involved in the 2002 Conveyance. As to HKEW's allegation of hidden financial gains by the Less Defendants, HKEW has not shown that the rent payments made to Werner provided the Less Defendants with anything other than temporary housing from month to month. HKEW claims without support that the Less Defendants are "build[ing] equity in a home while avoiding creditors," that they "have a significant amount of

money already invested in the" House, and that they are being allowed to "hide their most valuable asset from a legitimate creditor." (MVFC 2, 5, 6 ). However, there is no evidence showing that the Less Defendants acquired any equity in the property, that the Less Defendants' rent payments could be deemed any sort of permanent investment, or that the House is, or ever has been, an asset of the Less Defendants. HKEW also argues that the "transfer was made in such a way so as to disguise the true owners of the" House, but every aspect of the 2002 Conveyance is straightforward and no evidence has come to light concerning the transaction that shows any concealment on the part of Werner or Warren. The mere fact that the Less Defendants may not have provided HKEW with an accurate address during discovery is not sufficient to support HKEW's theory of some grand scheme of deception. Even if the address of the House had been provided, it would have merely shown that the Less Defendants were residing in the House, which was purchased by Werner.

The facts in this case clearly show that Werner, who had purchased the House, retained ownership over the House, and undertook the legal obligations associated with the mortgage on the property. HKEW states that it is "not asking this Court to hold against a charitable mother," but that is exactly what HKEW is attempting to do. HKEW has not presented this court with evidence that exposes the Less Defendants' supposed hidden financial involvement in the 2002 Conveyance and HKEW is left arguing about the unfairness of allowing the Less Defendants to be provided with housing by a caring family member. HKEW has not provided any justification to seize the assets of the relatives of the Less Defendants in order to

7

satisfy the judgment. HKEW has not provided sufficient evidence that indicates that the 2002 Conveyance was fraudulent and, therefore, we deny HKEW's motion to void the 2002 Conveyance.

B.   2006 Conveyance

HKEW argues that the 2006 Conveyance was fraudulent and is void. We first note, as indicated above, that there is no evidence that shows that the Less Defendants ever acquired any interest in the House before or after the 2006 Conveyance, which forecloses HKEW from prevailing on its claim as it relates to the 2006 Conveyance. Second, even if we were to consider the above listed factors, we would rule in the favor of the Less Defendants. HKEW states that the Less Defendants continued to live in the House after the 2006 Conveyance. However, HKEW does not dispute RHL's contention that the Less Defendants make rent payments to RHL. According to HKEW, the Less Defendants are "closely tied" to RHL and HKEW refers to RHL as a "shell corporation controlled by [Garry Less'] pal and attorney Mitch Roth. . . ." (MVFC 6); (MVFC Reply 2). HKEW claims that RHL is owned and operated by Mitchell Roth ("Roth"), who is an attorney at the law firm ("Firm") that represented the Less Defendants in this case. Roth was also allegedly the registered agent of Todd Industries. Under HKEW's theory, Roth and the Firm conspired with the Less Defendants to hide their true ownership in the House to enable the Less Defendants to circumvent the judicial collection process. Despite the serious allegations made by HKEW against Roth and the Firm, HKEW has not come forward with evidence to support its fraud theory.

HKEW takes issue with the purchase price of the House, but HKEW has not shown that the price was unreasonable in light of factors such as unpaid real estate taxes. HKEW also demands to know why the Less Defendants have not been evicted from the House by RHL, and HKEW wants to know how the Less Defendants are able to afford legal fees with the Firm. As with the 2002 Conveyance, HKEW's arguments concerning the 2006 Conveyance are based upon HKEW's speculation and there is insufficient evidence that shows that the 2006 Conveyance was fraudulent. The evidence indicates that Werner exercised her legal right to transfer the property to RHL and no evidence has been presented of wrongdoing on the part of Werner, RHL, or the Less Defendants. Therefore, we deny the motion to void the 2006 Conveyance. We also note that HKEW requests an evidentiary hearing on its motions, but HKEW has not pointed to sufficient evidence that would make such a hearing warranted.

II. Motion to Compel Compliance with Subpoena

HKEW contends that it has served RHL with a subpoena requesting that RHL produce certain documents and information. HKEW states that RHL has refused to comply with the subpoena and requests an order requiring RHL to comply with HKEW's requests. RHL states that it produced all relevant documents relating to the House, but that it objects to the large amounts of irrelevant materials that are sought by HKEW. We agree that HKEW has not justified its need for the broad range of materials and information sought in the subpoena and we therefore deny the motion to compel compliance with the subpoena.

## CONCLUSION

Based on the foregoing analysis, we deny HKEW's motion to void the 2002 Conveyance and the motion to void the 2006 Conveyance. We also deny the motion to compel compliance with the subpoena.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   March 29, 2007